EMILY C. JOHNSTON *vs.* ALBERT KIRCHOFF.

January 24, 1884.

Pound-masters—Estrays.—Gen. St. 1878, *c.* 10, § 87, in relation to the fees and duties of pound-masters, governs proceedings in the case of animals impounded under township regulations in pursuance of section 16 of said chapter, and is not inconsistent with the provisions of Gen. St. 1878, *c.* 19, § 1, etc., in reference to estrays, or with sections 28, 32, 33, same chapter, respecting the impounding of animals found doing damage.

Same—Title under Pound-master's Sale, how Established.—It is incumbent upon a party, claiming title to an animal under a pound-master's sale, to show that it was liable to be impounded, and that the proceedings are authorized by law, in order to divest the owner's title.

Plaintiff brought this action in the municipal court of St. Paul, to recover the purchase-money paid for a cow sold by defendant to plaintiff, and which was taken from plaintiff's possession by a third person claiming to be the true owner. The answer alleged title in defendant, at the time of the sale to plaintiff, through a purchase at a pound-master's sale. The action was tried by the court, and defendant recovered judgment, from which plaintiff appeals.

*Williams & Goodenow,* for appellant, on the point that the law of 1860 (Gen. St. 1878, *c.* 10, § 87) has been repealed by the subsequent legislation mentioned in the opinion, cited *U. S.* v. *Tynen,* 11

Wall. 88; *Norris* v. *Crocker*, 13 How. 429; *Gas Consumers' Co.* v. *Clarke*, 11 C. B. (N. S.) 814; *City of Sacramento* v. *Bird*, 15 Cal. 295; *Peru & Ind. R. Co.* v. *Bradshaw*, 6 Ind. 146; *Vermilion Co.* v. *Potts*, 10 Ind. 286; *Phillips Academy* v. *King*, 12 Mass. 546; *Nichols* v. *Squire*, 5 Pick. 168; *Weeks* v. *Walcott*, 15 Gray, 54; *Swann* v. *Buck*, 40 Miss. 268; *Manufacturing Co.* v. *Vanderpoel*, 4 Cow. 556; *Harrington* v. *Trustees of Rochester*, 10 Wend. 547; *Weiss* v. *M. C. Iron Co.*, 58 Pa. St. 295; *Potts* v. *Sheboygan Co.*, 25 Wis. 506; *Burlander* v. *Mil. & St. P. R. Co.*, 26 Wis. 76; *Moore* v. *Superior & St. C. R. Co.*, 34 Wis. 176; *Oleson* v. *Green Bay, etc., Ry. Co.*, 36 Wis. 383; *State* v. *Campbell*, 44 Wis. 529.

*O'Brien & Wilson*, for respondent.

VANDERBURGH, J. Defendant purchased a cow at a pound-master's sale, in the town of Reserve, Ramsey county, which was afterwards sold to the plaintiff by him, in December, 1882. In May, 1883, the former owner claimed and took her out of plaintiff's possession. The plaintiff sues for the purchase price and interest, and the sole question involved is the validity of the sale by the pound-master. It appears that the cow was brought to the pound by a stranger on the 7th day of October, and there is evidence tending to show that she had been at large several days. It does not appear whether she was taken upon land owned or occupied by the finder, doing damage or otherwise, or whether she was impounded under township laws. It is found by the trial court that the proceedings subsequent to the impounding, including notice and sale, were regular, and in conformity with Gen. St. 1878, c. 10, § 87.

1. It is insisted by the plaintiff that this section has been repealed. We think that it is still in force. The history of the legislation on the subject will show the purpose which it is intended to serve. By Rev. St. 1851, c. 11, § 23, each county was authorized to maintain pounds to restrain cattle going at large "contrary to law, or any by-law of such county." This was followed and superseded by the act for township organization, (Laws 1860, c. 14,) which provides for pound-masters, and the location of pounds, and authorizes the electors at the annual town meeting "to make all rules and regulations for ascertaining the sufficiency of fences, * * * and for im-

pounding animals," (page 115;) and section 3, article 11, (p. 126,) defines the duties of pound-masters. These several provisions were preserved and continued in the Gen. St. 1866, *c.* 10, §§ 15, 83, and are still in force. Gen. St. 1878, *c.* 10, §§ 16, 87. The section in question, in relation to pound-masters' duties, is not necessarily inconsistent with the acts regulating the taking up of estrays upon land of the finder, (Laws 1863, *c.* 13; Laws 1874, *c.* 54, § 1; Gen. St. 1878, *c.* 19, tit. 1,) nor with the act in relation to distraining trespassing animals found doing damage. Gen. St. 1878, *c.* 19, §§ 28, 32, 33. The provisions of these several sections may stand together. Beasts distrained damage-feasant may, in certain cases defined by the sections last referred to, be impounded, and the proceedings by the pound-master must be as specially therein provided. Animals taken up under the provisions of the estray law, (chapter 19, tit. 1,) whether doing damage or not upon the land of the finder, may be proceeded against as therein provided, and, if found doing damage, may be impounded and sold under sections 32, 33, title 3. But in such case the finder must promptly elect to proceed under that title. Animals at large may also be impounded as provided by township regulations, (*c.* 10, § 16,) when the proceedings will be governed by section 87 of chapter 10.

2. In order to warrant the pound-master to proceed as he did under section 87 in this case, it should appear that the animal was lawfully impounded; but no facts are shown warranting the impounding, and no township regulations were proved. It was incumbent upon the party claiming under the sale to show that the cow was liable to be impounded, and that the proceedings were authorized by law, in order to divest the owner's title. *Coffin* v. *Field,* 7 Cush. 355; *Gilmore* v. *Holt,* 4 Pick. 258. This did not appear, and the judgment must therefore be set aside, and a new trial awarded.